UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIYONO S. MARTINSON,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.

Defendants.

No.  2:25-cv-3737-DC-CKD (PS)

ORDER

Plaintiff Kiyono S. Martinson proceeds without counsel with a civil rights suit under 42 U.S.C. § 1983 and seeks to proceed in forma pauperis. This case is referred to the undersigned by Local Rule 302(c)(21) and 28 U.S.C. § 636. Plaintiff's declaration in support of the request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915 and is granted. However, the complaint fails to state a claim and must be dismissed. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

I.    Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The notice pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Factual allegations are accepted as true, but legal conclusions are not. Iqbal, 556 U.S. at 678. To survive screening, a claim must have facial plausibility which requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Id.

**II.    Plaintiff's Allegations**

Defendants are County of Sacramento and individuals alleged to be code enforcement officers. (ECF No. 1 at 2-3.) Under the complaint's allegations, plaintiff submitted an exemption form and provided the documentation required to be exempt from the housing rental inspection program (RHIP). (Id. at 4.) However, on various dates from August to December in 2025, code enforcement officers coerced plaintiff to enter the home by threatening penalties for refusing, citing Penal Code § 829.5 and Sacramento County Code 1620. (Id. at 4.) Plaintiff seeks damages. (Id. at 5.)

**III.    Discussion**

Plaintiff appears to allege violations of rights protected by the Fourth and Fourteenth amendments. (See ECF No. 1 at 4.) To state a claim for a violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983").

The Fourth Amendment generally prohibits the warrantless non-consensual search of a person's home. See U.S. CONST. amend. IV; Payton v. New York, 445 U.S. 573, 576 (1980).

2

Inspections to enforce housing codes and other administrative searches are generally subject to the Fourth Amendment's warrant requirement unless they fall within a recognized exception. See Camara v. Mun. Court of S.F., 387 U.S. 523, 534 (1967) ("administrative searches… are significant intrusions upon the interests protected by the Fourth Amendment"). California law authorizes "inspection warrants" to conduct "any inspection required or authorized by state or local law or regulation relating to building, fire, safety, plumbing, electrical, health, labor, or zoning. Cal. Civ. Proc. Code § 1822.50; see also United States v. Thriftimart, Inc., 429 F.2d 1006, 1008-09 (9th Cir. 1970) ("There need be no probable cause to suppose a violation to support a warrant to inspect. All that is required is a showing that reasonable administrative standards for inspection have been established and are met in the inspection in question.").

Here, although plaintiff vaguely alleges the code enforcement officers coerced plaintiff with threat of penalties to enter the home, plaintiff does not allege they lacked consent to enter, or that they lacked a warrant or administrative warrant. The bare facts alleged in the complaint and plaintiff's conclusory assertion that the required paperwork had been submitted to be exempt from inspections do not state a Fourth Amendment claim against the code enforcement officers.

To state a Fourteenth Amendment procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Assuming for purposes of this screening order plaintiff adequately alleges deprivation of a liberty or property interest implicating plaintiff's constitutional rights, the court turns to the second prong and considers whether plaintiff adequately alleges a lack of constitutionally sufficient procedural processes.

Due process generally requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Brock v. Roadway Express, Inc., 481 U.S. 252, 261 (1987). Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Plaintiff does not allege any specific procedural protections were denied which should have or could have been afforded. The mere allegation that the required paperwork had been submitted to be exempt from

3

the challenged inspections does not suffice to state a procedural due process claim.

Plaintiff also does not state a claim under 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment's Equal Protection Clause. In order to state such a claim, plaintiff must allege facts allowing an inference that defendants acted with an intent or purpose to discriminate, usually based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005); Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). The complaint contains no allegations supporting an inference that the defendants acted with an intent or purpose to discriminate.

For all these reasons, plaintiff fails to state a claim under 42 U.S.C. § 1983 for a violation of constitutional rights premised on an unlawful search, a violation of procedural due process, or an equal protection violation. Having failed to allege an underlying constitutional violation, plaintiff also fails to state an entity liability claim under 42 U.S.C. § 1983 against defendant County of Sacramento. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 685 (1978). A Monell claim cannot survive without an underlying constitutional violation. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam).

**IV.    Order**

The complaint fails to state a claim and must be dismissed. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend and some notice of its deficiencies unless it is absolutely clear the deficiencies could not be cured by amendment). If plaintiff files an amended complaint, it should be titled "First Amended Complaint" and must be complete by itself without reference to any prior pleading. See Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's complaint is dismissed with leave to amend.

2. Plaintiff is granted leave to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice within 30 days from the date of service of this order.

3. Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  March 31, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mart25cv3737.scrn

5